### Miles W. Smith v. Sarah McLennan.

1. CONSIDERATION—*What is Sufficient for a Promissory Note.*—It is a sufficient consideration for a promissory note, that the maker in giving it recognized the right of the payee to certain rents claimed, and agreed to pay the same according to the terms of his note.

**Assumpsit**, on a promissory note. Appeal from the Circuit Court of Fulton County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed February 19, 1902. Rehearing denied May 27, 1902.

THOMAS & ROBISON, attorneys for appellant.

O. J. BOYER, attorney for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This suit was by the appellee against appellant upon a note for $400 given for the rent of 1897 for certain lands, and also common counts for rent of the three subsequent years of 1898, 1899, and 1900 for the same land. The trial was by the court without a jury and ended in a finding and judgment for $673, to reverse which this appeal is brought, and it is insisted the finding and judgment is against the law and the evidence.

Joseph Smith died in 1893 owning 270 acres of land, being the same in controversy, leaving appellee, his widow, appellant, his son, and other children, some of them minors. Appellee was entitled to dower and homestead, but neither had been assigned until 1901. Appellant occupied the farm and paid rent to appellee from year to year, and the note in suit was given for the year 1897. Appellant pleaded the general issue, statute of limitations, notice of set-off, failure of consideration and part failure of consideration.

Smith v. McLennan.

There was conflict as to the several amounts paid by appellant, but it is clear to us the consideration for the note was sufficient. It was claimed on the trial that the note included the interests of the other children in the rent of the land as well as that of the widow, and to the extent of the *pro rata* shares of the other heirs appellee should not be permitted to recover, and furthermore, the dower and homestead not having been assigned to the widow, she was not entitled to any share of the rents. However these questions might be determined were they presented to us as original propositions, it is unnecessary for us to express an opinion. It is sufficient for the present case to say that appellant, by giving his notes to appellee, recognized her right to the rent he agreed to pay her, and if he stipulated to pay her more than her interest in the property was actually worth, that affords no sufficient reason for relieving him of the effect of the contract fairly entered into by himself. Having obtained the use of so much of the land as appellee claimed an interest in under promise to pay her for the same, the appellant is now estopped from denying her right to at least a reasonable compensation, which, from the amount of the judgment, the court evidently gave for the years subsequent to 1897, and for which the note was given. Appellee claimed her rights in the premises, appellant recognized them and promised to pay, and has had the benefit of the use of the land so obtained, which is a sufficient consideration. No authority need be cited on a proposition so plain.

We are of the opinion the evidence sustains the finding and judgment of the court and the latter will be affirmed.